DCN01202110090000059250380010 Date Received-20211009 Scan Intake-10112021

COMMON PLEAS COURT

## IN THE COURT OF COMMON PLEAS
## LAWRENCE COUNTY, OHIO

2021 OCT -4 PM 1:44

| | |
|---|---|
| TAHNA L. HUMMEL <br> 460 Twp. Rd. 148 <br> Chesapeake, OH 45619 | ) CASE NO. 21-OC603 <br> ) <br> ) JUDGE: _____ |
| and | ) **COMPLAINT** |
| JAMES H. HUMMEL <br> 460 Twp. Rd. 148 <br> Chesapeake, OH 45619 | ) **(Jury Trial Demanded Herein)** |
| Plaintiffs, | ) |
| vs. | ) |
| LIBERTY INSURANCE CORPORATION <br> c/o William Crawford <br> P.O. Box 515097 <br> Los Angeles, CA 90051-5097 | |
| Defendant. | |

Now come the Plaintiffs, by and through counsel, and for their Complaint alleges and avers as follows:

### FACTS

1. Tahna L. Hummel and James H. Hummel (hereinafter referred to as "Plaintiffs") now are, and at all times herein mentioned were a named insured of the Defendant of real estate and personal property located at 460 Township Road, Chesapeake, Ohio ("the Premises"), which is located within the County of Lawrence and the State of Ohio.

2. Defendant, Liberty Insurance Corporation, doing business as Liberty Mutual Insurance (hereinafter referred to as "Liberty") now is and at all times herein mentioned was a business licensed to sell insurance in the State of Ohio and engaged in doing business in the County of Lawrence as an insurer pursuant to the general insurance laws of the State of Ohio.

DCN01202110090000059250380010 Date Received-20211009 Scan Intake-10112021

3. Liberty, for and in consideration of a valuable premium paid by Plaintiffs, issued to Plaintiffs its insurance policy, covering loss due to damage to property, located at the Premises. A copy of said policy, along with endorsements and declaration page showing the coverage in effect at the time of the incident is not available to attach and are in possession of the Defendant.

4. On or about August 24, 2014, and continuing to this day, covered damage occurred at the Premises, in which the home and personal property were substantially damaged and/or destroyed.

## COUNT ONE:
## BREACH OF CONTRACT

5. Plaintiff incorporates the allegations of paragraph 1 - 4 above as if fully rewritten herein.

6. At the time of the damage, the Premises and all property located therein were insured under a policy of insurance issued by Liberty to Plaintiffs. After the damages were discovered, Plaintiffs notified Liberty of the loss and damage and made a proper and timely claim for losses pursuant to the terms of the policy with Liberty. Plaintiffs have fully complied with each term, condition, and provision of the policy of insurance on their part to be performed, within their control.

7. The policy of insurance was in full force and effect at the time of the loss and damage. Liberty has failed to pay Plaintiff the amount due and owing under the terms of the policy.

DCN01202110090000059250380010 Date Received-20211009 Scan Intake-10112021

8. Liberty had a duty to pay for any covered loss sustained for which its insured is legally entitled to collect as a result of such loss. This contractual obligation is subject only to any applicable limits which are expressly and unambiguously stated in the insurance policy.

9. Plaintiffs further do not waive i rights under the policy by filing this action.

10. As a direct and proximate result of Liberty's breach of contract, Plaintiff have sustained damages in excess of $25,000.

## COUNT TWO:
## BAD FAITH

11. Plaintiffs incorporate the allegations of paragraph 1 – 10 above as if fully rewritten herein.

12. In denying Plaintiffs' claim, Defendant, through its agents, adjusters, and investigators, acted unreasonably, without reasonable justification, fraudulently, intentionally, recklessly, and not in good faith.

13. Defendant, through its adjusters, agents, and investigators, acted intentionally, willfully, wantonly and with actual malice in refusing to pay Plaintiffs' claim and delaying such payments.

14. Defendant committed bad faith including, but not limited to the following: failure to exercise good faith in the processing of Plaintiffs' claims; refusing to pay or satisfy claims in a timely manner; inadequate investigation by Liberty; causing delay in the processing of Plaintiffs' claim; engaging in a pattern of repeated dilatory conduct designed to wrongfully impede and frustrate the Plaintiffs' claims; failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; failure to reasonably interpret

DCN01202110090000059250380010 Date Received-20211009 Scan Intake-10112021

terms under insurance policies and applicable Ohio statutory law; intentionally failing to perform under its contractual obligations to Plaintiffs.

15. Defendant breached its duty of good faith by intentionally refusing to satisfy Plaintiffs' claims where there is no lawful basis for the refusal.

16. Defendant breached its duty of good faith by intentionally failing to determine whether its refusal to satisfy Plaintiffs' claims had a reasonable lawful basis.

17. Defendant's conduct and refusal to pay Plaintiff the full amount of benefits due under the policy in a timely manner was in bad faith because its refusal was not predicated upon any circumstances which would furnish reasonable justification thereof.

18. In refusing to pay Plaintiff the full amounts due under the policy in a timely manner, Liberty has acted with a conscious disregard for Plaintiffs' rights.

19. The actions and omissions of the Defendant demonstrate malice, aggravated or egregious fraud, oppression, or insult and Defendant, as principal or master of its agents and adjusters, authorized, participated in, and ratified the actions or omissions of its agents and adjusters in this regard.

20. As a direct and proximate cause of the defendant's lack of good faith, Plaintiffs have suffered emotional distress and anxiety, inconvenience, increased loss of use, and economic harm, and has incurred litigation expenses and attorney's fees.

21. Plaintiffs pray for judgment on this count in an amount in excess of $25,000 in compensatory damages and an amount in excess of $25,000 in punitive damage, the exact amount to be determined at trial, plus interest, costs, and attorney's fees as allowed by law.

**WHEREFORE**, Plaintiffs hereby demands a monetary judgment for compensatory damages against Defendant in an amount reasonable and proper and commensurate with their

DCN01202110090000059250380010 Date Received-20211009 Scan Intake-10112021

losses in an amount in excess of Twenty-five Thousand Dollars ($25,000.00), punitive damages in an amount in excess of Twenty-five Thousand Dollars ($25,000.00), reasonable attorney fees plus interest, plus pre and post judgment interest as provided by law, and for their costs expended herein.

                                Respectfully submitted,

                                HARCHA & BECK

                                */s/ David B. Beck*
                                David Beck (0068343)
                                800 Gallia St., Ste. 800
                                Portsmouth, Ohio 45662

                                RUGGIERO, SALYER & HAAS, LPA

                                */s/ John R. Haas*
                                John R. Haas #0047593
                                800 Gallia St., Suite 800
                                Portsmouth, OH 45662
                                (740) 355-0073
                                jrh@rslawfirm.law
                                **Counsel for Plaintiffs**

DCN01202110090000059250380010 Date Received-20211009 Scan Intake-10112021

## JURY DEMAND

Now comes Plaintiff, by and through counsel, and hereby demand a jury of eight (8) to hear the within cause.

Respectfully submitted,

John R. Haas #0047593
800 Gallia St., Suite 800
Portsmouth, OH 45662
(740) 355-0073
jrh@rslawfirm.law
**Counsel for Plaintiffs**

DCN01202110090000059250380010 Date Received-20211009 Scan Intake-10112021

## REQUEST FOR SERVICE

TO THE CLERK:

Please issue summons and a certified copy of the foregoing Complaint, upon the named Defendants at the addresses listed above by certified mail.

*John R. Haas*
John R. Haas
Attorney for Plaintiff